No. 913

First Circuit

———

McCLINTON v. MOORE BROS., INC., ET AL.

———

(February 8, 1932. Opinion and Decree.)

———

E. L. Stewart, of De Ridder, attorney for plaintiff, appellant.

C. V. Pattison, of Lake Charles, attorney for defendants, appellees.

ELLIOTT, J. James McClinton, an employee of Moore Bros., Inc., as a laborer on road work, was required, as a result of his employment, to distribute, place and level in the road freshly mixed cement, and for this purpose it was necessary for him to walk in the cement mixture. On July 14, 1930, some of the freshly mixed cement got into one of his boots and burned his foot very seriously.

He was receiving weekly wages at the rate of $15 per week. The Union Indemnity Company carried liability insurance for Moore Bros., Inc. Plaintiff brought suit against Moore Bros., Inc., and Union Indemnity Company for compensation at the rate of 65 per cent of his weekly wage from July 14, 1930, to January 1, 1931, and from that time, in addition $4.87½ per week on account of partial disability for a time necessary in order to make up a total of 300 weeks.

The defendants admit the employment of the plaintiff at the wages alleged, his injury and their liability for the compensation claimed from July 16, 1930, to September 2, 1930, but deny any further liability.

The lower court, giving reasons, awarded plaintiff compensation at the rate of $9.75 per week for 7 1/7 weeks, amounting to $69.61, and rejected the balance of his demand. The plaintiff has appealed.

The plaintiff testifies that he was injured on the 14th of July, 1930, and that his injury produced in him a total disability from that time to about December, 1930, and that since then he has been partially disabled.

Four witnesses called by plaintiff corroborated him as to his disability, but the physician who treated plaintiff at the time of the injury testifies that on September 2, 1930, plaintiff was entirely cured and discharged from further treatment; that since then nothing prevented him returning to work, as far as the injury received from being burned with cement was concerned.

Another physician gave testimony corroborating that of the first physician. The plaintiff bared his foot in open court, so that the court could look at what he claimed was still an existing injury resulting from his cement burns and we have the benefit of the observations of the district judge on that subject.

The evidence in the case is conflicting, due to the testimony of the physicians and that of the plaintiff and the four witnesses called by him, but the observations of the district judge support the testimony of the physician, and our conclusion is that the evidence will not justify us in interfering with the judgment of the lower court.

We are satisfied that the judgment appealed from is correct.

Judgment affirmed. Defendant and appellee to pay the costs in the lower court; plaintiff and appellant to pay the costs of appeal.